# IN THE COURT OF APPEALS OF IOWA

No. 17-0045
Filed December 20, 2017

**ALBERT CARTER,**
    Plaintiff-Appellant,

**vs.**

**GENESIS HEALTH SYSTEM d/b/a GENESIS MEDICAL CENTER,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

Albert Carter appeals the district court's ruling granting summary judgment in favor of Genesis Health System d/b/a Genesis Medical Center on his medical malpractice action.  **AFFIRMED.**

William J. Bribriesco of Bribriesco Law Firm, P.L.L.C., Bettendorf, for appellant.

Diane M. Reinsch of Lane & Waterman L.L.P., Davenport, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Albert Carter sued Genesis Medical Center for negligence in connection with a nurse's insertion of an indwelling catheter and the subsequent erosion of his penile implant. Genesis moved for summary judgment. Carter conceded the motion was appropriate on all but one of his claims: whether the nurse's failure to consult a physician about the use of a condom catheter instead of an indwelling catheter amounted to negligence. The district court granted Genesis' motion on that claim after concluding Carter lacked a causation expert. *See Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 165 (Iowa 1992) (noting in a medical malpractice action, a "plaintiff must show evidence which establishes the applicable standard of care, demonstrate this standard has been violated, and develop a causal relationship between the violation and the alleged harm"); *see also Phillips v. Covenant Clinic*, 625 N.W.2d 714, 718 (Iowa 2001) ("Expert testimony is nearly always required to establish each of these elements . . . . [P]roximate cause, like the other elements, cannot be based upon mere speculation."). Carter appealed.

"In reviewing a summary judgment in a medical malpractice action, the 'task is to determine whether any evidence in the summary judgment record enables plaintiffs to establish the applicable standards of care, and defendant's breach of those standards.'" *Kennis*, 491 N.W.2d at 164 (citation omitted). Summary judgment is appropriate "when the party can demonstrate that the proof of the other party is deficient as to a material element of that party's case." *Thompson v. Embassy Rehab. & Care Ctr.*, 604 N.W.2d 643, 646 (Iowa 2000); *see also Welte v. Bello*, 482 N.W.2d 437, 440 (Iowa 1992) ("If expert testimony is required to

establish general negligence or the foundational facts and expert testimony is unavailable, then summary judgment is appropriate."); *Oswald v. LeGrand*, 453 N.W.2d 634, 635 (Iowa 1990) (stating "where plaintiffs are limited in the presentation of expert testimony, the issue becomes not whether there was *negligence* in the actions of the defendant but whether there was *evidence* upon which liability could be found").

Carter does not argue a causation expert was unnecessary. *See Kennis* 491 N.W.2d at 165 (stating negligence could be established in three ways, including "through expert testimony" or "through evidence showing the [healthcare professional's] lack of care so obvious as to be within comprehension of a" layperson). To the contrary, he named and proffered the opinions of two experts. In his view, these experts generated an issue of material fact on the element of causation. Carter points to a report of his nurse expert, who opined "there was a breach in the standard of care when the patient condition and the potential for likelihood of penile implant complication were not addressed by the nursing and physician staff of Genesis Medical Center." He also cites the same expert's deposition testimony opining the standard of care required the nurse, who inserted the indwelling catheter, to "have [a] conversation with the physician" about the use of a condom catheter instead of an indwelling catheter. Finally, he refers to the deposition testimony of his physician expert, who opined, "[I]f [Carter] had not had an indwelling catheter, he probably would not have had a penile—or an erosion of his prosthesis, so in that sense, it was probably a contributing cause." Based on these portions of the summary judgment record, Carter contends "an inference can be drawn that if a discussion had occurred between [the] nurse . . . and the ordering

physician regarding condom v. indwelling catheter; the ordering physician would have used a condom catheter."

The district court concluded this expert testimony failed to establish causation. The court conceded Carter had "expert testimony that [the nurse] breached the standard of care in not questioning the order" but stated there was no opinion that "the failure to question the order caused the penile erosion." The court explained:

> Plaintiff's claim fails because a jury would have to infer that when [the nurse] asked the ordering physician if a condom catheter was required, that the physician would have said yes and changed her order. If the ordering physician does not change the order, then [the nurse's] failure to question the order would not have caused Plaintiff's injury, because an indwelling catheter would have been placed in spite of [the nurse] questioning the order. In other words, [the physician's] testimony on causation relates to the placement of an indwelling catheter and not to the factual circumstance of [the nurse's] failure to ask the ordering physician if a condom catheter should be used.

The district court did not err in reaching this conclusion. *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015) (setting forth standard of review). Without expert testimony that the claimed breach of the standard of care was the cause of his harm, Carter could not establish a prima facie case of medical negligence. *See Oswald*, 453 N.W.2d at 635.

We affirm the district court's summary judgment ruling in favor of Genesis.

**AFFIRMED.**